———o———

## No. 4454.

### (Court of Appeal, Parish of Orleans.)

### T. C. MADERE VS. T. J. SELLERS, ET ALS.

### MOTION TO DISMISS.

In a motion to dismiss an appeal on the ground of acquiesence on the the part of the appellant in the cause, the allegations of which motion are sworn to by reputable counsel, this Court, while retaining the appeal, will remand the cause to the District Court with instructions to hear evidence of the facts alleged as constituting acquiescence and to thereafter transmit the record thereof to this Court.

Appeal from Twenty-eighth Judicial District Court, Parish of St. Charles.

J. C. Wickliffe, for Plaintiff and Appellant.

R. J. Perkins, for Defendant and Appellee.

ESTOPINAL, J. The plaintiff was a candidate for the office of Police Juror at the primary election held throughout the Parish of St. Charles, on Jan. 28, 1908, and avers in his petition and shows that the emoluments of the office for the term of four years exceeded one hundred dollars ($100.00), but are not in excess of the jurisdictional amount of this Cour.t

This was a suit to compel the Democratic Executive Commit-

tee of the Parish of St. Charles to tabulate and compile the returns of the primary election held in that Parish on the 28th day of Januray, 1908, and to promulgate the returns and certify to the different officers nominated at said primary.

The exceptions, pleas and answer to the rule for mandamus are made by T. J. Sellers alone, who is a member of said Democratic Executive Committee of the Parish of St. Charles and the Chairman of said Committee, who avers that the said Committee of which he is the Chairman, and of which T. C. Madere, the plaintiff herein, is secretary, has conformed to the terms and provisions of Section 25, of Act No. 49, of 1906, and the amendments thereto, commonly known as the primary law, by receiving the tabulations of the returns of said election and the original returns from which said tabulation is made, and did declare the result of said election on the third day after said primary held on the 28th day of January, 1908, i. e., on the 31st day of January, 1908.

Defendant Sellers further avers that T. C. Madere, the plaintiff, being a member and Secretary of said Committee, is held to a knowledge of the acts of said Committee; that under the provisions of Section 25, of Act 49, of 1906, the plaintiff, if dissatisfied with the action of the Committee, should, within twenty-four hours after said action of said Committee have applied to a Court of competent jurisdiction for a review of said Committee's action; that plaintiff, not having taken legal steps within twenty-four hours, is estopped from now so doing, and that the action of the Democratic Executive Committee has become final and res adjudicata. Defendant tenders the general issue and enters into a recital of the action taken by the Committee on the third day succeeding the primary election of Jan. 28, 1908.

Robert J. Sellers, plaintiff's opponent as candidate for Police Juror at said primary held Jan. 28, 1908, filed a petition of intervention and third opposition.

There was judgment in the District Court overruling the plea of estoppel and dismissing the petition of intervention and third opposition, from which judgment the defendant and the intervenor have taken an appeal. In this Court defendant has interposed a motion to dismiss, basing same on the following allegations:

"On Monday, Feb. 17, during the pendency of this cause before the lower Court, a majority of the members of the Democratic Parish Executive Committee of the Parish of St. Charles, formally requested the Chairman, Hon. T. J. Sellers, to call a meeting of the Committee for Wednesday, Feb. 19, at 12 o'clock m., for the purpose of carrying out the provisions of Act No. 49, of 1906, and completing the work started, but left unfinished at the meeting held on Jan. 31, 1908, and such other matters as might have been brought up.

"That pursuant to said call on Wednesday, Feb. 19, twelve of the fifteen members of said Committee, either in person or by proxy, assembled at the Courthouse at said meeting."

"That the only absentees were Messrs. T. J. Sellers, Charles Elfer and C. M. Elfer."

"That a meeting was held, and pursuant to the provisions of law, the returns of the primary election held on Jan. 28, 1908, were promulgated, and the various parties declared nominees according to the election returns."

"That the judgment appealed from herein has been fully complied with by defendants, appellants, and there is nothing therefore before this Court for adjudication."

The motion to dismiss is sworn to by reputable counsel, but in the absence of proof, in the record administered below, this Court is unable to determine the issue, and under these circumstances we must remand the matter to the District Court in order that evidence be adduced tending to show the alleged acquiescence.

It is, therefore, ordered, adjudged and decreed that the cause be, and it is hereby remanded to the District Court with instructions that testimony be taken on the subject matter of the acquiescence alleged in the affidavit, the record in the case to be thereafter transmitted to this Court, which retains this appeal, pending action of the District Court as above set forth.

Feb. 28, 1908.

## ON MERITS.

It is shown that the Judgment herein has been acquiesced in.

DUFOUR, J. This cause having been remanded by us for

149

the purpose of ascertaining if the judgment had been acquiesced in, a motion has been made by counsel on both sides that the appeal be dismissed because the judgment has been acquiesced in by defendants.

Appeal dismissed.